IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK STEWART HUNT                                                  PLAINTIFF

v.                         Civil No. 6:23-CV-06111-SOH-BAB

WELLPATH (Health Provider) and
MONGA (Practitioner Nurse)                               DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment on the Issue of Exhaustion. (ECF Nos. 20, 21, 22).

**I. BACKGROUND**

      Plaintiff filed his Complaint in the Eastern District of Arkansas on November 6, 2023. (ECF No. 2). It was transferred to this District on November 7, 2023. (ECF No. 4). His claims center on his incarceration in the Arkansas Division of Correction ("ADC") Ouachita River Unit. For his first claim, Plaintiff alleges that Defendant Monga and Wellpath providers denied him medical care after he suffered from "black out heat exhaustion" on August 18, 2023. (*Id*. at 4). He alleges Monga asked him his name and what was wrong, then told the Sergeant on duty that there was "no sign of distress." (*Id*.). She gave him a cup of water and sent him back to the barracks. (*Id*.). Plaintiff alleges his left shoulder has been in pain since the incident. (*Id*.). Plaintiff alleges that his last recollection before blacking out was other inmates carrying him to Field Major

1

Tristan K. Head's truck and then waking up in the infirmary.  (*Id*. at 5).  He alleges he suffered stomach cramps and his left should hurt and continues to hurt.  (*Id*.).  He further alleges his "right collarbone is abnormal" and needs to be seen by a specialist.  (*Id*.).  Plaintiff proceeds against both Defendants in their individual and official capacity for this claim.  (*Id*.).  As his official capacity claim, Plaintiff alleges he believes Wellpath and Defendant Monga neglected his healthcare and wellbeing by not following protocol, not reviewing his medical background, and not following up to see if he was taking any medications or was injured.  (*Id*.).

For his second claim, Plaintiff alleges Defendant Monga neglected to give him his prescribed amoxicillin for his abscessed tooth on September 20, 2023.  (*Id*. at 6).  Plaintiff alleges he was supposed to get the antibiotic three times per day but Defendant Monga insisted it was only twice a day.  (*Id*.).  Plaintiff alleges he was injured by the throbbing pain of three decayed teeth.  (*Id*.).  Plaintiff proceeds against Defendant Monga in his individual capacity.  (*Id*. at 7).  Nonetheless, Plaintiff provides information as to an official capacity claim in that section of the Complaint form.  He states Defendant Monga should have checked the laptop computer to verify his prescription.  (*Id*.).

Plaintiff seeks compensatory relief.  (*Id*. at 9). He asks that these include all prior and current medical bills as to the specialist he needs to see for his shoulder and collarbone.  He also asks that his pain and suffering be compensated.  Finally, he asks that the staff and business follow protocol and maintain correct procedures.  (*Id*.).

Defendants filed their Motion for Summary Judgment on the Issue of Exhaustion on February 26, 2024.  (ECF Nos. 20. 21, 22).  Their Motion and supporting documents are, unfortunately,  internally inconsistent in how they refer to Plaintiff's grievances.  The Motion, Statement of Undisputed Facts, and Medical Care Supervisor affidavit reference medical care

grievances. (ECF Nos. 20, 22-2, 22) In contrast, their Brief in Support argues only about dental grievances. (ECF No. 21). All documents, however, reference the same two grievances: OR-23-00658 and OR-23-00659. Grievance No. OR-23-00658 concerns Plaintiff's claim that he was denied amoxicillin for his abscessed tooth. (ECF No. 22-1 at 3-5). Grievance No. OR-23-00659 concerns Plaintiff's claim that he suffered a "black out" heat-related injury and was subsequently denied medical care. (ECF No. 22-1 at 6-9). Accordingly, the Court will infer that the dental-only reference in the Brief was a clerical error and read Defendants' arguments as referring to medical grievances.

Defendants argue that Plaintiff only filed two grievances concerning his medical care between September 2023[1] through November 6, 2023, the date he filed this case, and neither one was administratively exhausted prior to filing this case. (ECF No. 21 at 3). The argue the grievance process for OR-23-00658 was not completed until November 27, 2023, which was after Plaintiff had filed this Complaint. (*Id.*). They argue Plaintiff failed to timely appeal OR-23-00659, thus it was not exhausted. (*Id.*). Defendants attach ADC Administrative Directive 19-34. (ECF No. 22-2). They identify this as the controlling ADC grievance policy for Plaintiff's grievances. (ECF Nos. 21 at 2, 22-2).

The Court entered an Order on February 27, 2024, directing Plaintiff to submit his Summary Judgment Response. (ECF No. 23.). This Order informed Plaintiff that he must submit

---

[1] The Court notes that Plaintiff alleges his heat-injury incident occurred on August 18, 2023. His initial grievance concerning this incident, OR-23-00659, was submitted for the first Step of the grievance process on August 24, 2023, and was submitted for Step Two on September 28, 2023. (ECF No. 22-1 at 9). Thus, the proper timeframe for this argument should have been August 2023. The incorrect timeframe also raises the concern that Plaintiff may have filed other grievances in August. Plaintiff does not dispute that these are the only two grievances he made concerning these incidents, however, and additionally states he started a grievance on August 24, 2023, which matches the grievance copy provided for OR-23-00659. (ECF No. 24).

3

a separate Statement of Disputed Facts, and failure to do so would result in either Defendants' Statement of Facts being deemed admitted, or in the dismissal of his case. (*Id*.). Plaintiff filed his Response on March 25, 2024. (ECF No. 24). Plaintiff's Response consists of two affidavits. (*Id*.). In the first, he states he started the grievance process on August 24, 2023, but it was not exhausted because he did not receive an answer at Step Two of the grievance process for OR-23-00659. (*Id*. at 1). In his second affidavit, Plaintiff argues Administrative Directive AR835 "grievance procedure for offenders" did not apply to him upon his arrival in the ADC. (*Id*. at 2). Plaintiff does not explain why this procedure controls grievances instead of the one identified by Defendants, or why it does not apply to him. Plaintiff also failed to submit a separate Statement of Disputed Facts as directed by the Court.

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d

4

621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

### A.  Plaintiff's Failure to Comply with Local Rules

Plaintiff failed to submit a separate Statement of Disputed Facts as directed by the Court. Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts.  Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. *Pro se* inmates are advised of this requirement in the Order directing them to file a summary judgment response. *Pro se* inmates are also advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Due to Plaintiff's failure, Defendants' Statement of Facts is deemed admitted pursuant to Local Rule 56.1(c).  In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Amended Complaint. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).  "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint . . . ." *Id*. As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id*. The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified

5

complaint . . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

### B. Plaintiff's Arguments Concerning Exhaustion

Plaintiff does not dispute that he failed to exhaust the two grievances in question prior to filing this case. Instead, he argues that ADC policy AR835 did not apply, and the grievance process was unavailable to him for OR-23-00659 because he did not receive an answer at Step Two of the grievance process . Both arguments are contradicted by the summary judgment record. The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to

exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Plaintiff argues that Administrative Directive AR835 did not apply to him upon his arrival in the ADC. He did not, however, explain why this policy controls grievances instead of AD 19-34, or why it does not apply to him. Nor did he supply a copy of that AR835 with his Response. Thus, he asks the Court to deny summary judgment based on his subjective belief that a directive did not apply to him for unidentified reasons. This the Court cannot do. *See Lyon v. Vande Krole*, 305 F.3d 806, 809 (8th Cir. 2002) (a court is not permitted "to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'") Defendants have identified AD 19-34 as the controlling document for grievances for Plaintiff at the time in question and have provided a copy of that policy.

Plaintiff also appears to argue that the grievance process was made unavailable to him when ADC staff failed to provide an answer at Step Two of OR-23-00659. This argument fails because AD 19-34 expressly provides inmates with a route to exhaustion in the event ADC staff do not provide a timely grievance response. At both the Step One and Step Two grievance levels, procedures are in place for an inmate to proceed through the grievance process to exhaustion if he or she does not receive an answer to a grievance from ADC staff. As with the other steps of the grievance process, there are deadlines for inmates to meet. (ECF No. 22-2 at 8 ¶11, 11 ¶ 9 ). Thus, even if ADC staff failed to answer Plaintiff's Step Two grievance, the grievance process was still available to Plaintiff because he had a route to exhaustion which had been explicitly stated in the grievance policy. He simply failed to use it.

Plaintiff's claims are contradicted by the summary judgment record such that no reasonable jury could believe them.  Accordingly, Defendants are entitled to summary judgment as a matter of law.

### IV.  CONCLUSION

Accordingly, it is recommended that Defendants' Motion for Summary Judgment on the Issue of Exhaustion.  (ECF No. 20) be GRANTED and Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.[2]

<u>Referral Status</u>: This case should not remain referred as all matters are recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of July 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (*per curiam*).